IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-40496-TJM |
| | ) | |
| COPPER CREEK ESTATES – | ) | CH. 11 |
| GRAND ISLAND, L.L.C. | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on September 28, 2011, regarding Fil. #43, Motion to Dismiss Case, filed by the debtor and Fil. #44, Resistance, filed by Chief Industries, Inc. Trev Peterson appeared for the debtor, Stephen Nelsen appeared for Chief Industries, Inc., and Bruce Hart appeared for Larry Paulsen.

The debtor is a limited liability company that owns land in Hall County, Nebraska, which it has attempted to develop as a residential subdivision.

Prior to bankruptcy, the debtor obtained investment money from a number of investors and granted a mortgage to Five Points Bank in Grand Island in return for a relatively large loan. In addition, it received $1,000,000.00 from Chief Industries, Inc., a manufacturer of modular homes. It entered into an agreement with Chief whereby purchasers of lots in the development would be restricted to purchasing modular homes from Chief and would be unable to purchase homes from any other company or have their own home built. The agreement included restrictive covenants which were recorded in the Hall County land records.

Representatives of the debtor have been unable to sell any more than five lots, although there is infrastructure in place for 56 lots. The representatives of the debtor believe that the restrictive covenant limiting purchasers to placing Chief modular homes on their lot is a significant factor in their inability to sell lots.

Early in the case, the debtor filed a motion to reject what the debtor considered an executory contract, that is, the covenants. After a hearing, the court ruled that the covenants were not an executory contract and could not be rejected.

More than 180 days have passed since the petition date and no plan or disclosure statement is on file. The debtor has no cash flow. The evidence presented by the debtor in support of the motion to dismiss informs that the debtor has no money with which to pay attorneys to prepare the plan and disclosure statement.

Chief has objected to the motion to dismiss. It takes the position that the debtor should not be allowed to come into the bankruptcy court for the sole purpose of attempting to get rid of the restrictive covenants, and then, when it loses, to simply dismiss the case. Chief suggests that the debtor could hold an auction to sell the real estate or sell it pursuant to 11 U.S.C. § 363, free and clear of liens. The bankruptcy court could then supervise the distribution of proceeds of the sale.

The only evidence of value of the property is the testimony of Mr. Paulsen, one of the investors and lenders. He values the property as such valuation is listed on the schedules, at no

more than the debt against the land. Chief does not have a lien and, therefore, appears to be a creditor or a contingent creditor on an unsecured basis in the amount of approximately $1,000.000.00. The loans supported by liens equal approximately 2.6 million dollars.

The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides for dismissal of a Chapter 11 case on motion by a party in interest for cause. The movant bears the burden of establishing "cause" for dismissal. In re Bryant, 439 B.R. 724, 736 (Bankr. E.D. Ark. 2010). Technical amendments to the statute in 2010 eliminated the defense of showing that dismissal or conversion would not be in the best interest of creditors. Thus, the court "shall" convert or dismiss a case if the movant has established cause.

Section 1112(b)(4) lists a number of factors included in the term "cause." Those include substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, failure to file a disclosure statement, or to file a confirmable plan within the time fixed by the title.

The debtor has shown cause for dismissal under both of the above-cited provisions. It has no sales and, therefore, it has no cash flow. With no cash flow, it will be unable, without help from investors, to pay taxes, United States trustee fees, insurance premiums, maintenance expenses or attorney fees. It has shown continuing loss or diminution of the estate because of the lack of cash flow and the absence of a reasonable likelihood of rehabilitation. It has not timely filed a disclosure statement or plan. See StellarOne Bank v. Lakewatch LLC (In re Park), 436 B.R. 811 (Bankr. W.D. Va. 2010) (holding that a developer's inability to sell lots and generate cash flow constitutes an inability to rehabilitate itself and a continuing loss or diminution to the estate warranting dismissal), and In re Ashley Oaks Dev. Corp., ___ B.R. ___, 2011 WL 4494262 (Bankr. D.S.C. Mar. 29, 2011) (holding that a developer's continuing negative cash flow, inability to pay real estate taxes, and limited prospects for future sales of lots constitute cause for dismissal).

IT IS ORDERED that Fil. #43, Motion to Dismiss Case, is granted.

DATED:    October 11, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  *Trev Peterson
  Stephen Nelsen
  Bruce Hart
  U.S. Trustee

* Movant is responsible for giving notice to other parties if required by rule or statute.